1

2

3

4

5

6

7

8 **IN THE UNITED STATES DISTRICT COURT**

9 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 GEORGETTE HEDRICK,                    No. CIV S-09-1797-GEB-CMK

12             Plaintiff,

13      vs.                              FINDINGS AND RECOMMENDATIONS

14 THE COUNTY OF TRINITY, et al.,

15             Defendants.

16 _____/

17              Plaintiff, who is proceeding with retained counsel, brings this civil action.

18 Pending before the court is defendants' unopposed motion for dismissal sanctions and/or

19 monetary sanctions (Doc. 17).  A hearing was held on November 18, 2010, at 10:00 a.m. before

20 the undersigned in Redding, California.  Jim Dippery, Jr., Esq., appeared for plaintiff.  Kim

21 Kakavas, Esq., appeared for defendants.

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

1    This is the second time this matter is before the undersigned on a discovery

2 dispute.  The case was before the court on October 28, 2010, on defendants' unopposed motion

3 to compel plaintiff's attendance at her deposition and IME.  At the hearing, the parties agreed

4 that plaintiff would attend her deposition and IME on November 3, 2010, and the court so

5 ordered.  In the instant motion, defendants state that, despite the parties' agreement and the

6 court's order, plaintiff failed to appear at either the deposition or IME.  A supplemental

7 declaration filed by defendants' counsel in support of the current motion indicates that the parties

8 had again agreed on a date for plaintiff's deposition and IME, this time November 17th.  Counsel

9 states that, once again, plaintiff did not appear for either scheduled event.

10    Under Federal Rule of Civil Procedure 37(d)(3), the court may, on motion, impose

11 sanctions for failure of a party to attend a duly noticed deposition.  Such sanctions may include

12 dismissal of the action.  See Fed. R. Civ. P. 37(b)(2)(A)(v).  Under Rule 37(d)(3), the court must

13 also require the non-compliant party, their counsel, or both to pay the prevailing party reasonable

14 attorney's fees.  In this case, plaintiff's counsel stated at the hearing that he had no objection to

15 dismissal of the action as an appropriate sanction, but requested that such dismissal be without

16 prejudice.  Defendants request the dismissal be with prejudice.  As to monetary sanctions,

17 plaintiff's counsel agreed that the amount requested by defendants – $7,383.95 fees and expenses

18 related to both the deposition and IME – is reasonable.  Plaintiff's counsel further stated that

19 payment of monetary sanctions should be a condition to plaintiff's ability to re-file this action.

20    Based on the foregoing evidence and the representations by counsel at the hearing,

21 the court finds that dismissal of the action is appropriate as a sanction for plaintiff's failure to

22 participate in the discovery process and failure to comply with the court's previous order.  The

23 dismissal will be without prejudice.  Defendants should be awarded monetary sanctions in the

24 amount of $7,383.95, and the timely payment of such sanctions should be a condition to

25 plaintiff's ability to re-file this action.

26 / / /

Based on the foregoing, the undersigned recommends that:

1.    Defendants' unopposed motion for dismissal and/or monetary sanctions (Doc. 17) be granted;

2.    Plaintiff be ordered to pay to defendants within 30 days of the date of the final order adopting these findings and recommendations the sum of $7,383.95 as reasonable monetary sanctions;

3.    Timely payment of such sanctions be deemed a condition to plaintiff's ability to re-file this action; and

4.    The Clerk of the Court be directed to enter judgment of dismissal and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 19, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE